JOHN B. WEISHAUPT, PROSECUTOR, v. RICHARD WEIS- HAUPT AND THE SMALL CAUSE COURT OF THE COUNTY OF UNION, HOLDEN BY A. T. CRANE, SR., ESQUIRE, JUSTICE OF THE PEACE, RESPONDENTS.

Argued March 10, 1928—Decided June 20, 1928.

Before Mr. Justice KALISCH, sitting under the statute.

For the prosecutor, *Jerome J. Dunn.*

For the respondents, *Bassin & Bassin.*

The opinion of the court was delivered by

KALISCH, J. Richard Weishaupt, a resident of the city of Rahway, county of Union, brought an action, on contract, in the "small cause court," held by A. T. Crane, Sr., a justice of the peace in and for the county of Union, against John B. Weishaupt, a resident of the said city of Rahway, and recovered a judgment, according to the record returned with the writ of *certiorari,* for the sum of $111.45, representing $105 debt and $6.45 costs.

The record discloses that a trial was had before said justice on December 10th, 1927, in the presence of the plaintiff, who was represented by an attorney; that the plaintiff was sworn and testified that the defendant owed him the amount stated in the state of demand; that the defendant then admitted he owed the plaintiff $225; that on the 10th day of December, 1927, judgment was rendered for the plaintiff, as stated.

The reasons assigned and relied upon by the prosecutor for the setting aside of the judgment are: 1. "Because said small cause court was without jurisdiction to hear said case." 2. "Because defendant in said case was a resident of the city within the territorial jurisdiction of a District Court and the said small cause court was without jurisdiction to hear the said case." 3. "Because the justice of the peace holding said small cause court was resident with the territorial jurisdiction of a District Court, and was therefore without jurisdiction to hear said cause." 4. "Because said judgment was illegal, erroneous and unlawful for divers other reasons."

The last assignment of reason is too general and will not be considered. The other three reasons present the single question as to whether or not the small cause court had jurisdiction to try the case.

It appearing that both plaintiff and defendant were residents of the city of Rahway, and that the justice of the peace was a resident of, and held his court in the city of Rahway, and that there was no District Court in said city, there can be no debatable question, under the statutes relating to the jurisdiction of these courts, but that the justice of the peace was clothed with jurisdiction of the instant case.

While it is true that the District Court also had jurisdiction in the case, it did not have exclusive jurisdiction.

The statutes which have relevancy to the question here for determination are—first, section one, of chapter 165 of the laws of 1903, which statute in conferring a jurisdiction on the "small cause court" of every suit of a civil nature, at law where the matter in dispute does not exceed, exclusive of costs, the sum of $200, contains a proviso: "That this act shall not extend to any action of replevin, slander, &c.," and a further proviso that the said court shall not have jurisdiction over any cause or proceeding cognizable before a District Court where any defendant resides within the municipality wherein a District Court is established; secondly, chapter 175 of the laws of 1923, which extends the jurisdiction of the small court acts to cases of landlord and tenant, &c., retains the provision that the small cause court shall not have jurisdiction over any cause or proceeding cognizable before a District Court where any defendant resides within the municipality wherein a District Court is established.

As there is no District Court established within the municipality of Rahway, it is quite clear that the small cause court had jurisdiction.

The writ is dismissed, with costs.